IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RAYMOND POE, JR. AND
CATHLEEN POE                                                        PLAINTIFFS

V.                                          CIVIL ACTION NO.: 1:10CV234-SA-JAD

ASH HAULERS, INC.,
AND FRED CULVER, JR.                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendants' Motion for Partial Summary Judgment [36] on the issue of punitive damages. After reviewing the motion, responses, rules, and authorities, the Court finds as follows:

## FACTUAL BACKGROUND

This action arises out of a three vehicle accident occurring on August 31, 2010, in Oktibbeha County, Mississippi. At the time of the accident, Plaintiff Raymond Poe, Jr. was driving a pickup truck in the outside west bound lane on U.S. Highway 82 at approximately ten to twenty miles per hour while escorting a slow-moving farm tractor driven by Sammie Jones. Although farm tractors are exempt from minimum speed limits and the requirement of displaying a "slow moving vehicle" safety emblem,[1] the farm tractor driven by Jones displayed such an emblem. However, Plaintiffs' pickup truck – the one escorting the farm tractor – did not.

Defendant Fred Culver was also driving in the outside west bound lane on U.S. Highway 82 on August 31, 2010. Culver was driving an eighteen wheeler owned by Defendant Ash Haulers, Inc. Culver testified that upon observing Plaintiffs' pickup truck, he attempted to change lanes to avoid the truck. Culver further testified, without contradiction, that he was

---

[1] See MISS. CODE ANN. § 63-7-9; MISS. CODE ANN. § 63-7-91.

1

driving the posted speed limit (sixty-five miles per hour), that he checked his driver's side mirror, and that he activated his left turn signal. Despite this, a collision still occurred between the two vehicles as Culver was attempting to change lanes. After Culver's vehicle came in contact with the pickup truck, he then also came into contact with the rear of the farm tractor. Sammie Jones was pronounced dead at the accident scene, and Plaintiff Raymond Poe, Jr. was airlifted to North Mississippi Medical Center after sustaining injuries to his neck and lower extremities.

Plaintiff Raymond Poe Jr. filed this action on September 30, 2010, seeking to recover damages for injuries sustained in the accident. Plaintiff Cathleen Poe, Raymond Poe, Jr.'s wife, has asserted claims for loss of consortium. Plaintiffs allege vicarious liability on the part of Ash Haulers, Inc. for the actions of its driver, Fred Culver. Plaintiffs charge that Defendants (1) failed to yield to a vehicle; (2) failed to keep a proper lookout; (3) failed to maintain the Mack Semi-Truck automobile under safe and easy control; (4) failed to stop and avoid a collision; (5) failed to take the necessary precautions to avoid colliding with the Plaintiff; and (6) were otherwise careless and reckless under the conditions and the situation then and there existing. In addition to seeking compensatory damages, Plaintiffs have demanded an award of punitive damages. Defendants have moved for summary judgment on the claim of punitive damages, contending that – as a matter of law – Plaintiffs' allegations do not support the imposition of punitive damages.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

## ANALYSIS AND DISCUSSION

Mississippi's punitive damages statute provides that in any action in which punitive damages are sought,

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

3

MISS. CODE ANN. § 11–1–65(1)(a). The Mississippi Supreme Court has held that, "[p]unitive damages are to be assessed only in extreme cases, and since they are intended as an example and warning to others, they should be allowed only with caution and within narrow limits." Wallace v. Thornton, 672 So. 2d 724, 728 (Miss. 1996) (citations omitted); see also Boling v. A–1 Detective & Patrol Serv., Inc., 659 So. 2d 586, 588–89 (Miss. 1995) (punitive damages not appropriate in cases of simple negligence).

"When deciding whether to submit the issue of punitive damages to a trier of fact, the trial court looks at the totality of the circumstances, as revealed in the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard." Bradfield v. Schwartz, 936 So. 2d 931, 936 (Miss. 2006) (citing Ross–King–Walker, Inc. v. Henson, 672 So. 2d 1188, 1191 (Miss. 1996)). Thus, "in order for the issue of punitive damages to warrant jury consideration, [the plaintiff] must show that a question of fact exists as to whether the aggregate of [the defendants'] conduct . . . evidences willful or wanton conduct or the commission of a fraud." Id. at 937.

"In the automobile context, the Supreme Court of Mississippi has been extremely reticent to permit punitive damages in cases involving the mere commission of traffic violations." Dawson v. Burnette, 650 F. Supp. 2d 583, 585-86 (S.D. Miss. 2009) (citing Walker v. Smitty's Supply, Inc., 2008 WL 2487793, at *6 (S.D. Miss. May 8, 2008)). For example, in Mayfield v. Johnson, 202 So. 2d 630 (Miss. 1967), the court, considering the record evidence, observed there was "no doubt that the appellee did not keep a proper lookout and have his car under control to avoid striking the rear end of the appellant's station wagon," and there was "little doubt that the appellee was operating his motor vehicle in excess of the forty mile per hour regulation." The court concluded, however, that the evidence did not warrant consideration of punitive damages,

especially where there was also proof that the appellee had put on his brakes and tried to stop before hitting the appellee's car. The court wrote, "If under the facts of this case it can be properly held that punitive damages would be allowed, then there would be a deluge of cases seeking punitive damages whenever one vehicle was struck from the rear by another vehicle which was being driven at a speed in excess of the speed allowed and when the driver of the vehicle was not keeping a sharp lookout." Id. at 630.

In Maupin v. Dennis, 175 So. 2d 130, 131 (Miss. 1965), the court considered a claim for punitive damages where a sixteen-year-old driver struck a vehicle parked on the side of the street while attempting to pass another vehicle. The court held that while the evidence supported a finding that the defendant driver was indeed negligent by driving at an excessive rate of speed, failing to keep his car under control, and failing to keep a proper lookout, the conduct of the defendant driver "did not indicate any willful or wanton disregard for the safety or property of others, but simply negligence in failing to exercise due care in the operation of his car." The trial court had therefore erred in submitting the issue of punitive damages to the jury. Id. at 131-32.

Numerous other comparable cases have found punitive damages unavailable where the plaintiff's allegations only support a finding of mere negligence. In Dawson, both the plaintiff and the defendant were travelling in the northbound lanes of South State Street in Jackson, with plaintiff in the left lane and defendant in the right. 650 F. Supp. 2d at 584. According to plaintiff, at the intersection of South State Street and the exit ramp for Highway 80, defendant turned across the left lane so that he could make a U-turn, causing a collision with plaintiff's vehicle. Id. Plaintiff asserted that the defendant's attempted U-turn was an unsafe maneuver under the circumstances, as he crossed over the left lane from the right lane at a time when plaintiff's vehicle was in close proximity. Id. Plaintiff further maintained that although the

defendant was clearly in a position to see his vehicle prior to entering the left lane, defendant was negligent in failing to keep a proper lookout, as he proceeded to make a left turn from the right lane at a slow rate of speed. Id. Plaintiff contended that such actions warranted punitive damages. Id.

The Dawson court, after analyzing Mississippi law, granted defendant's partial motion for summary judgment, finding that plaintiff's claims did not support a finding of punitive damages. Id. at 586. The court noted that the defendant activated his left turn signal and checked his mirrors before starting to turn. Id. The court further found that there was no sign posted explicitly prohibiting U-turns. Id. The court concluded that the defendant's actions, as alleged by plaintiff, amounted to only simple negligence in failing to exercise due care in the operation of the vehicle. Id. Accordingly, punitive damages were not warranted. Id. at 586-87; see also, e.g., Francois v. Colonial Freight Sys., Inc., 2007 WL 4459073 (S.D. Miss. Dec. 17, 2007) (granting partial summary judgment on punitive damages claim where only proof offered by plaintiff was to the effect that the defendant's driver's actions fell below the standards set forth for operators of commercial motor vehicles; that defendant's driver rear-ended a vehicle that was clearly there to be seen in front of him; that defendant's driver failed to search for other vehicles as evidenced by the fact that he rear-ended the vehicle driven by the plaintiff; and that defendant's driver failed to operate his tractor-trailer in a safe manner); Wimbley v. Mathis, 1994 WL 1890940, at *2–*3 (N.D. Miss. Dec. 27, 1994) (finding that allegations that driver failed to keep his vehicle under proper control, failed to keep a proper lookout ahead, failed to obey a stop sign and yield the right of way, and failed to operate his vehicle in accordance with applicable statutes, was not sufficient to establish gross negligence or reckless disregard for the purpose of awarding punitive damages under Mississippi law).

In this case, Plaintiffs have failed to demonstrate a genuine dispute as to any material fact that would warrant punitive damages under the facts as alleged by Plaintiffs. Defendant Culver was driving the posted speed limit, and there is no evidence that he was driving erratically or that he was impaired by drugs or alcohol. In fact, the Mississippi Department of Public Safety Motor Carrier Safety Division completed a Driver/Vehicle Examination Report immediately following the accident and found no violations. Despite Plaintiffs failure to cite to a single case to support their arguments, Plaintiffs nevertheless maintain that the record supports a finding of punitive damages because (1) Culver was (allegedly) "sluggish" due to his failure to eat; (2) Culver (allegedly) intentionally drove while fatigued, in violation of federal motor carrier regulations; and (3) Culver (allegedly) drove at such an excessive speed that he could not react in time to avoid the collision. The Court considers each argument in turn.

Culver apparently did not eat breakfast or lunch the day of the accident. Due to this, Plaintiffs assert that Culver must have been sluggish and/or fatigued. However, Plaintiffs fail to cite to anything in the record, or any other type of relevant medical literature on the issue or a medical expert affidavit, that would indicate that Defendant Culver was "sluggish" or "fatigued" while driving his vehicle due to his failure to eat that morning. Culver testified that he slept nine or ten hours the night before the accident. He further testified that he had no health issues. Specifically, Culver testified that, at the time of the accident, he was not diabetic, did not have high blood pressure, did not have sleep apnea, and had never been diagnosed with having low blood sugar. Plaintiffs' conclusory allegations that Culver was likely fatigued or likely sluggish are mere speculations, backed up by no competent evidence. Mere conjecture, speculation, and unsubstantiated assertions cannot demonstrate a genuine issue for trial. TIG Ins. Co., 276 F.3d at 759.

Next, Plaintiffs assert that the fact that Culver had been driving for nine and a half hours straight also supports a finding that punitive damages are warranted. Again, Plaintiffs cite to no case and no authority for the proposition that driving a certain amount of time constitutes actual malice or gross negligence evidencing a willful, wanton, or reckless disregard for the safety of others. Further, according to the record, Culver had actually not been driving nine and a half hours straight. While Culver worked nine and a half hours on the day of the accident, according to his Drivers Log, he only actually drove seven of those hours. In fact, shortly before the accident, Culver had stopped on U.S. Highway 82 to buy coffee. Thus, Plaintiffs' argument is not well taken.

Lastly, Plaintiffs aver that Culver was driving at such a "fast speed" that he could not react in time to avoid the collision. However, Culver testified, without contradiction, that he was driving at sixty-five miles per hour – the posted speed limit – with his cruise control activated. It also appears undisputed that the Mississippi Department of Public Safety Motor Carrier Safety Division completed a Driver/Vehicle Examination Report immediately following the accident and found no violations. Given this, Plaintiffs' argument concerning Culver's rate of speed is also not well taken.

Plaintiffs have failed to demonstrate that Culver's conduct rises to the level necessary to award punitive damages under Mississippi law. Culver's conduct, as asserted by the Plaintiffs, amounts only to alleged simple negligence in failing to exercise due care in the operation of a vehicle. There is simply no indication, either in the complaint or in the record, signifying a

willful or wanton disregard for the safety or property of others. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' claim for punitive damages.[2]

## **CONCLUSION**

For the foregoing reasons, the Defendants' motion for partial summary judgment on plaintiffs' claim for punitive damages is GRANTED.

So ordered on this, the __12th__ day of July, 2011.

                                **/s/ Sharion Aycock**
                                **UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that Ash Haulers, Inc. would be entitled to summary judgment on this claim in any event, as it cannot be held vicariously liable for punitive damages on account of the conduct of its employee. See Dawson, 650 F. Supp. 2d at 586 n.1 (S.D. Miss 2009); see also Bradley v. Wal–Mart Stores, Inc., 2006 WL 2792338, at *4 (S.D. Miss. Sept. 27, 2006) (Section 11–1–65 "absolutely forecloses vicarious liability for punitive damages") (citing Duggins v. Guardianship of Washington, 632 So. 2d 420, 423 (Miss. 1993)).